IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BOBBY F. MAYBERRY, JR.,

Petitioner,

v.

JOSH KAUL,

Respondent.

OPINION and ORDER

24-cv-118-jdp

---

Petitioner Bobby F. Mayberry, Jr., proceeding without counsel, seeks relief under 28 U.S.C. § 2254 following his convictions for first- and second-degree sexual assault in Waukesha County Case No. 2007CF707. Rule 4 of the Rules Governing § 2254 Cases requires me to examine the petition and supporting exhibits and dismiss the petition if it "plainly appears" that Mayberry is not entitled to relief. I may take judicial notice of records in Mayberry's underlying state court proceedings when reviewing the petition under Rule 4. *See Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983). I will deny the petition because it is untimely and plainly insufficient.

BACKGROUND

This background is largely drawn from the state court of appeals' decision affirming the circuit court's order denying Mayberry's motion for postconviction relief under Wis. Stat. § 974.06. *State v. Mayberry*, No. 2022AP1263-CR, 2023 WL 4617429 (Wis. Ct. App. July 19, 2023).

In 2007, the state charged Mayberry with seven counts of sexual assault of a child under the age of 16 and five counts of sexual assault of a child under the age of 13. *Id.* *1. Mayberry

pleaded guilty to one count each of first- and second-degree sexual assault of a child, both as repeaters. *Id.* The other counts were dismissed but read in. *Id.* Mayberry admitted committing the assaults, explaining that he had stopped taking his depression medication and committed that conduct to self-medicate. *Id.* In 2008, the circuit court sentenced Mayberry to 30 years of initial confinement followed by 15 years of extended supervision. *Id.*

Appellate counsel filed a no-merit notice of appeal. On May 20, 2009, the state court of appeals summarily affirmed the circuit court's judgment under Wis. Stat. § 809.21. Mayberry didn't seek review in the state supreme court.

In March 2022, Mayberry filed a postconviction motion under § 974.06 asking for sentence modification based on a new factor. *Id.* Mayberry alleged that he was diagnosed with schizophrenia, post-traumatic stress disorder (PTSD), and other mental health disorders after sentencing, meaning that his earlier diagnosis of depression was mistaken. *Id.* Mayberry contended that the diagnoses of schizophrenia and PTSD were new factors warranting a sentence modification. *See id.* *2. The circuit court held a hearing and denied Mayberry's motion, concluding that the evidence about his misdiagnosis didn't meet the definition of a new factor. *Id.*

The state court of appeals affirmed, concluding that Mayberry failed to show that the evidence about his misdiagnosis was highly relevant to his sentence. *Id.* at *2–3. The state court of appeals determined that Mayberry's evidence didn't support his assertion that he suffered from schizophrenia because it showed that he didn't meet the full criteria for that disorder. *Id.* *2; *see also id.* at *1 (stating that a licensed professional counselor diagnosed Mayberry with "unspecified schizophrenia spectrum and other psychotic disorder" (alteration adopted)). Further, the state court of appeals determined that the circuit court based its sentence on the

2

seriousness of Mayberry's offense, the need to protect the public, and his lengthy criminal record. *Id.* *3.

Mayberry also argued that trial counsel should have raised the issue of his competency because he told counsel that he was hearing voices and hallucinating. *Id.* The state court of appeals determined that this claim was procedurally barred for two reasons. First, Mayberry raised that claim for the first time on appeal. *Id.* Second, Mayberry could have raised that claim in a response to appellate counsel's no-merit report, but he chose not to file a response. *See id.;* Dkt 1 at 4. The state supreme court denied Mayberry's petition for review. *State v. Mayberry*, 2024 WI 5.

Mayberry then brought his federal petition. Dkt. 1.

ANALYSIS

**A.  Claim one**

Mayberry contends that circuit court's sentence was erroneous because he was diagnosed with "schizophrenia with personality disorder" in February 2018, meaning that he had been misdiagnosed with depression before then. *See id.* at 5. This claim is untimely and meritless.

A one-year statute of limitations applies to § 2254 petitions. 28 U.S.C. § 2244(d)(1). As relevant to claim one, the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D).

I will assume for purposes of this opinion that Mayberry could not have discovered the factual predicate of claim one until February 2018, when he received his new diagnosis. Section

2244(d)(1)(D)'s limitation period expired one year later in February 2019. But Mayberry didn't bring his federal petition until February 2024. Therefore, absent tolling, claim one is clearly untimely.

The time during which a properly filed state postconviction motion concerning the relevant claim is pending tolls the limitation period under § 2244(d)(1). *See* 28 U.S.C. § 2244(d)(2). But Mayberry didn't file his § 974.06 motion until March 2022. Because the one-year period had expired on February 2019, this petition and its subsequent litigation in the Wisconsin appellate system don't count toward tolling. *See De Jesus v. Acevedo*, 567 F.3d 941, 944 (7th Cir. 2009); *Tate v. Pierson*, 52 F. App'x 302, 303 (7th Cir. 2002).

Mayberry could potentially overcome the time bar by showing that he qualifies for equitable tolling because he has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). But Mayberry hasn't alleged any facts that would support equitably tolling § 2244(d)(1)(D)'s limitations period. *See* Dkt. 1 at 5–7, 18.

Mayberry hasn't made this argument, but he might contend that his mental health problems warrant equitable tolling. Mental illness tolls the statute of limitations "only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Mayberry v. Dittmann*, 904 F.3d 525, 530 (7th Cir. 2018) (emphasis in original). Mayberry pursued his § 974.06 motion without counsel in the circuit court, where he represented himself at two hearings, and in the state court of appeals. Similarly, Mayberry is proceeding without counsel in this case. Mayberry's petition is deficient, but it shows that he understood the state court proceedings and could articulate his claims. These

4

facts undercut any inference that Mayberry's mental health problems stopped him from bringing his claim sooner.

Alternatively, Mayberry could argue for an exception to untimeliness based on a credible claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013); *Arnold v. Dittmann*, 901 F.3d 830, 837 (7th Cir. 2018). To establish a claim of actual innocence, Mayberry must show "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Perkins*, 569 U.S. at 399. Mayberry claims don't suggest that he's actually innocent of sexually assaulting a child. In short, claim one is untimely.

Claim one also fails on the merits. Mayberry challenges the state courts' application of state sentencing law. But federal habeas relief is only available to a person in custody in violation of federal law, "and is unavailable to remedy errors of state law." *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Even if claim one could be construed as a federal claim, it would be plainly insufficient. The state court of appeals determined that the state court based its sentence on the seriousness of Mayberry's offense, the need to protect the public, and his lengthy criminal record. Mayberry's allegation that he was misdiagnosed with depression and actually suffered from schizophrenia with personality disorder doesn't suggest that the new diagnosis was "highly relevant to the imposition of the sentence." *Cf. State v. Harbor*, 2011 WI 28, ¶ 40. Furthermore, the state court of appeals found that Mayberry didn't meet the "full criteria" for schizophrenia; he was diagnosed with "unspecified schizophrenia spectrum and other psychotic disorder." *See Mayberry*, 2023 WL 4617429, at *1–2. Mayberry's bare allegation that he has

schizophrenia doesn't suggest that this finding was unreasonable. *Cf.* 28 U.S.C. § 2254(d)(2); *Brumfield v. Cain*, 576 U.S. 305, 313–14 (2015); *Wood v. Allen*, 558 U.S. 290, 301–02 (2010).

In sum, claim one is untimely and meritless. I will not allow Mayberry to proceed on this claim.

## B.  Claims two and three

Mayberry's second claim is that trial counsel provided ineffective assistance because he failed to raise the issue of Mayberry's competency. *Id.* at 7. Mayberry's third claim is that trial counsel provided ineffective assistance because he failed to investigate his statement that his *Miranda* rights had been violated. *See id.* at 8. These claims are untimely, unexhausted, and insufficiently pleaded.

I begin with the issue of timeliness. As relevant to claims two and three, § 2254's one-year limitation period shall run from "the date on which the judgment became final by . . . the expiration of time seeking [direct review]." 28 U.S.C. § 2254(d)(1)(A). "[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). In Wisconsin, a petitioner has 30 days to seek review of an adverse decision of the state court of appeals in the state supreme court. Wis. Stat. §§ 808.10(1), 809.62(1m).

The state court of appeals summarily affirmed the trial court's judgment on May 20, 2009. Therefore, § 2244(d)(1)(A)'s limitation period became final on June 19, 2009. But Mayberry didn't file his federal petition for nearly 15 years. Absent tolling, claims two and three are clearly untimely.

Mayberry doesn't qualify for statutory tolling because he didn't file his § 974.06 motion until March 2022, by which time the one-year period had expired. *See De Jesus*, 567 F.3d at 944; *Tate*, 52 F. App'x at 303. And Mayberry's claims don't suggest actual innocence.

That leaves equitable tolling. Mayberry doesn't expressly allege, and his allegations don't suggest, that his mental health problems stopped him from bringing claims two and three sooner. *See* Dkt. 1 at 7–10, 13. Before trial, Mayberry made recommendations to trial counsel about case strategy, and suggested that counsel investigate a potential *Miranda* violation. *See* Dkt. 1-3. There is no indication that Mayberry's mental health problems stopped him from pursuing claims two and three sooner. *Cf. Mayberry*, 904 F.3d at 530.

Mayberry alleges that he didn't initially realize that he had the legal rights that claims two and three seek to protect. Dkt. 1 at 7, 9. To start, Mayberry's letter to counsel about case strategy contradicts the allegation that he didn't initially realize that he had *Miranda* rights. In any case, "[m]istakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling." *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006).

Mayberry may be suggesting that trial counsel's failures to request a competency hearing and move to suppress based on *Miranda* warrant equitable tolling. But Mayberry hasn't explained how counsel's failure to raise these claims stopped him from bringing his related claims of ineffective assistance sooner. *Cf. Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) ("[A]n assertion that one's counsel was ineffective for failing to pursue particular constitutional issues is a claim separate and independent of those issues."). In any case, "[n]egligence on the part of the petitioner's counsel . . . is ordinarily an insufficient basis in and of itself for equitable tolling." *Conner v. Reagle*, 82 F.4th 542, 551 (7th Cir. 2023). There is no indication that trial

counsel committed "egregious attorney misconduct . . . sufficiently extraordinary to justify equitable tolling." *Cf. id.* at 552. In sum, claims two and three are clearly untimely.

Now I will turn to the issue of exhaustion. Section 2254 petitioners must "exhaust[] the remedies available in the courts of the State." *See Wilson v. Cromwell*, 58 F.4th 309, 319 (7th Cir. 2023). To fairly present his federal claims in state court, Mayberry must assert them "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *See id.* As Mayberry concedes, claims two and three are unexhausted. Dkt. 1 at 7–9.

Claims two and three are also facially insufficient. Section 2254 petitions must meet "heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). "The § 2254 Rules . . . mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)." *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011). Claims of ineffective assistance of counsel are governed by the two-part test in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish that counsel provided ineffective assistance, Mayberry must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. 466 U.S. at 687. Conclusory allegations do not satisfy *Strickland*. *See id.* at 690 (a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment"); *United States v. Boyles*, 57 F.3d 535, 551 (7th Cir. 1995) ("[C]onclusory allegations do not satisfy *Strickland*'s prejudice component.").

Claim two faults trial counsel for not requesting a competency hearing. But the bare allegation that Mayberry reported hallucinations to trial counsel isn't enough to infer that that there was a "bona fide doubt . . . about his ability to consult with [counsel] or . . . understand[]

. . . the charges brought against him." *Cf. Woods v. McBride*, 430 F.3d 813, 817 (7th Cir. 2005). Mayberry's letter to counsel making recommendations about case strategy and suggesting that he investigate a potential *Miranda* violation suggests otherwise. By the same token, there is no basis to infer that the circuit court would have found Mayberry incompetent had it held a hearing. *Cf. Burt v. Uchtman*, 422 F.3d 557, 567 (7th Cir. 2005).

Claim three faults trial counsel for not moving to suppress based on *Miranda*. But Mayberry doesn't provide any factual detail to support his allegation that officers failed to read him his *Miranda* rights. *See* Dkt. 1 at 8; Dkt. 1-3. Also, trial counsel told Mayberry that he would review the discovery to see if he could make a *Miranda* claim, and Mayberry doesn't dispute that fact. *See id.* It's plausible that counsel didn't believe that Mayberry had a viable *Miranda* claim. Mayberry's bare allegation that his *Miranda* rights were violated isn't enough to infer otherwise.

In sum, claims two and three and clearly untimely, unexhausted, and facially insufficient. I will not allow Mayberry to proceed on these claims.

No evidentiary hearing is warranted because Mayberry's petition is untimely and plainly deficient. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (district court need not hold evidentiary hearing when the record precludes habeas relief); *see also* Mayberry v. *Dittmann,* 904 F.3d 525, 532 (7th Cir. 2018) ("The district court need not hold an evidentiary hearing for vague or conclusory allegations.").

## C.  Motion to appoint counsel

Mayberry requests the appointment of counsel. I may appoint counsel for Mayberry if "the interests of justice so require" and he is "financially eligible." 18 U.S.C. § 3006A(a)(2)(B). In evaluating what the interests of justice require, I must consider whether

Mayberry can obtain justice without an attorney in light of his ability and the difficulty of the case and whether he would have had a reasonable chance of winning with counsel. *See Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000).

Mayberry's federal petition and the state court record show that he understood the proceedings and could articulate his arguments, and there is no indication that Mayberry could prevail in this proceeding if counsel represented him. I will deny Mayberry's motion to appoint counsel.

**D. Certificate of appealability**

Because Mayberry seeks relief under § 2254, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Mayberry makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, Mayberry must demonstrate that reasonable jurists would debate whether my procedural rulings are correct and whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because Mayberry hasn't made this showing, I will deny a certificate of appealability. Mayberry may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner Bobby F. Mayberry, Jr.'s habeas petition, Dkt. 1, is DENIED.

2. Petitioner's motion to appoint counsel, Dkt. 2, is DENIED.

3. The clerk is directed to enter judgment and send petitioner copies of this order and the judgment.

Entered June 20, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

11